IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KIMBERLY ROGERS                                                                              PLAINTIFF

V.                                            CASE NO. 3:14-cv-00257-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                                   DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Kimberly Rogers brings this action for review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence does not support the Commissioner's decision.

## I.     PROCEDURAL HISTORY

Ms. Rogers protectively filed her applications for DIB and SSI on January 25, 2012, alleging a disability onset date of October 14, 2011. (R. at 9.) She alleged complications from a lower lumbar bulging disc, spinal stenosis, hypertrophic facet disease, anxiety, and a thyroid condition. (R. at 177.) The Social Security Administration denied Ms. Rogers's claims at the initial and reconsideration levels. (R. at 9.) On May 29, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 28.) At the hearing, Ms. Rogers orally moved to amend her disability onset date to January 24, 2012, which the ALJ granted.[1] (R. at 30.) On August 2, 2013, the ALJ issued an unfavorable decision, denying Ms. Rogers's claims. (R. at 6.) On September 9, 2014, the Appeals Council denied her request for review. (R. at 1.)

---

[1]Although the ALJ granted Ms. Rogers's oral motion to amend her disability onset date, his opinion still references October 14, 2011, as her alleged onset date. (R. at 11.)

On October 31, 2014, Ms. Rogers filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Pl.'s Compl. 1, ECF No. 2.) On December 3, 2014, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 11.)

## II.     ADMINISTRATIVE PROCEEDINGS

Ms. Rogers was forty-five years old at the time of the administrative hearing and had received an associates degree. (R. at 31.) She had a certified nursing assistant license. (R. at 31.) She had past relevant work as a certified nurse's assistant. (R. at 19.) The ALJ applied the five-step sequential evaluation process to Ms. Rogers's claims.[2] (R. at 10.) The ALJ found that Ms. Rogers satisfied the first step because she had not engaged in substantial gainful activity. (R. at 11.) At step two, the ALJ found that Ms. Rogers suffered from the severe medical impairments of a degenerative disc disease of the lumbar spine with mild spinal stenosis, obesity, and anxiety. (R. at 11.) At step three, the ALJ found that Ms. Rogers did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 12.) Before proceeding to step four, the ALJ found that Ms. Rogers had a residual functional capacity ("RFC") to perform light work. (R. at 13.) The ALJ found that Ms. Rogers could not lift or carry

> more than twenty pounds with frequent lifting or carrying of objects weighing up to ten pounds. The claimant would be able to stand and/or walk no more than six

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

>hours of an eight-hour workday and can sit, with some pushing or pulling of arm or leg controls, for no more than six hours in an eight-hour workday. She is limited to occasional stooping and bending, but no crouching. She would also be limited to unskilled work, meaning work where interpersonal contact is only incidental to the work performed, the complexity of any task would need to be learned by rote, contain few variables, and require little judgment, and any supervision required would need to be simple, direct, and concrete.

(R. at 13.) In making the RFC determination, the ALJ found that Ms. Rogers was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 15.) The ALJ found at step four that Ms. Rogers was not capable of performing her past relevant work. (R. at 19.) At step five, the ALJ determined that there were jobs available in significant numbers in the national and local economy that Ms. Rogers could perform, such as a price tagger or laundry press operator. (R. at 20.) Therefore, the ALJ found that Ms. Rogers was not disabled. (R. at 20.)

### III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d

312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV.  DISCUSSION

Ms. Rogers argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br. 5, ECF No. 10.) Specifically, Ms. Rogers alleges that the ALJ's decision at step three, his RFC determination, and his decision at step five are not supported by substantial evidence. (*Id.* at 1.) Because the ALJ's RFC determination is not supported by substantial evidence, the Court will not determine whether Ms. Rogers's remaining claims have merit.

Regarding the ALJ's RFC determination, Ms. Rogers argues that (1) the ALJ erred by not considering her lack of funds, and (2) substantial evidence does not support the ALJ's decision to credit a consultative physician over her treating physician. (*Id.*). The Commissioner responds that substantial evidence supports the ALJ's decisions. (Def.'s Br. 8-12, ECF No. 11.) Because the Court finds that substantial evidence does not support the ALJ's decision to discount the decision of her treating physician, the Court does not determine whether Ms. Rogers's first claim regarding her lack of funds has merit.

It is the claimant's burden to prove her RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572

4

F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

A treating physician's opinion "is due 'controlling weight' if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)). Treating physicians' opinions "are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (citing *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

The ALJ discounted the medical opinions of Ms. Rogers's treating physician, Robert Troxel, M.D. In doing so, the ALJ considered Dr. Troxel's conservative treatment of Ms. Rogers. (R. at 18.) Specifically, the ALJ found that Dr. Troxel "has not referred her to another neurosurgeon, orthopedist, or pain management specialist." (R. at 18.) The ALJ also found that Dr. Troxel "has not ordered imaging of the back or any neurological studies to determine the extent of her radiculopathy." (R. at 18.)

Substantial evidence does not support the ALJ's decision. On May 8, 2013, Dr. Troxel stated in his "Medical Source Statement of Physical" that he wanted to send Ms. Rogers for a myelogram, but it was not covered by her insurance. (R. at 444.) Although a myelogram is not performed by a neurosurgeon, orthopedist, or pain management specialist, it would give both Dr. Troxel and the

ALJ further images of Ms. Rogers's back for the ALJ to make a decision on whether to credit Dr. Troxel's medical opinion or that of a consultative examiner. Since the evidence shows that Ms. Rogers cannot afford to pay for a myelogram, the ALJ had the duty to send Ms. Rogers for a consultative myelogram since he believed further imaging of the back would help him make a final decision. *See Snead v. Barnhart*, 360 F.3d 834, 839 (8th Cir. 2004). Therefore, this case is remanded to the ALJ to send Ms. Rogers for a consultative myelogram, as recommended by Dr. Troxel.

In discounting Dr. Troxel's opinion, the ALJ also found that he relied upon Ms. Rogers's subjective complaints rather than the objective evidence. The ALJ found that Ms. Rogers "testified . . . that she took the form to [Dr. Troxel] and he asked her how much she could lift . . . . Dr. Troxel's medical source statement appears to be based on the claimant's subjective allegations rather than the objective evidence." (R. at 17.) However, when testifying, Ms. Rogers specifically said that Dr. Troxel did not ask her how much she could lift and carry. (R. at 39.) When asked if they talked about Dr. Troxel's opinion that the maximum she can lift and carry on a frequent basis is ten pounds, she stated, "No, not that day." (R. at 39.) She gave the same answer regarding whether Dr. Troxel asked her how long she could sit or stand. (R. at 39.) Therefore, substantial evidence does not support the ALJ's determination that Dr. Troxel's medical source statement is based on the claimant's subjective allegations rather than the objective evidence.

On remand, the ALJ should consider whether the results from the myelogram affect his decision regarding whether Ms. Rogers meets listing 1.04.

### V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that

contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes that remand is necessary for further consideration consistent with this decision. Although the ALJ may still reach the conclusion that Plaintiff is not entitled to benefits, he must develop the record further consistent with this opinion.

SO ORDERED this 27th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE