UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KIMBERLY ROGERS                                                                                    PLAINTIFF

3:14-cv-00257-JTK

CAROLYN COLVIN, *Acting Commissioner*,                                      DEFENDANT
Social Security Administration

ORDER

Plaintiff has filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,020.49. The Acting Commissioner ("Commissioner") does not have an objection to this attorney fee award. For the following reasons, Plaintiff's motion for EAJA attorney's fees (Doc. No. 17) is granted in part. Plaintiff is awarded $5,422.26.

The Court must determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 973 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award."). "The district court should . . . exclude from [the] fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "If the preparation time is 'excessive,' the compensable hours may be reduced." *Duhon v. Colvin*, No. 4:12-cv-439-JTK, 2013 WL 1934035, at *1 (May 9, 2013) (quoting *McMullen v. Apfel*, 57 F. Supp. 2d 773, 774 (S.D. Iowa 1999)).

Attorney's fees are awarded under the EAJA for work completed at the district court level. *Stone v. Colvin*, No. 4:11-cv-605-JTK, 2013 WL 1811945, at *2 (Apr. 29, 2013). Therefore, the 0.42 hours in 2013 that Plaintiff requests prior to preparing the complaint is not reimbursable.[1]

---

[1] One entry, the telephone conference with Plaintiff, was dated before the decision of the Appeals Council in this case.

Plaintiff requests to be reimbursed for one hour to "Review Defendant's unopposed Motion to Remand . . . ." (Doc. No. 17-1 at 2.) There was no unopposed motion to remand in this case. Therefore, Plaintiff will not be reimbursed for this hour in 2015.

Plaintiff requests to be reimbursed two hours for preparing the EAJA pleadings. (Doc. No. 17-1 at 2.) This is excessive. *Duhon*, 2013 WL 1934035, at *1 ("The motion for fees and its accompanying documents should reasonably take little effort or time to prepare because identical filings are routinely prepared in the course of counsel's practice.") This amount of time is especially excessive in this case because of the number of errors contained in Plaintiff's motion. Multiple times, the motion refers to the "Magistrate Judge's Report and Recommendation," when there was no "Report and Recommendation" in this case because the parties consented to the Court's jurisdiction. Almost the entire next page is quoted from the Court's order remanding the case, but there is no indication that this is being quoted from anything. The affidavit refers to a "Motion to Remand" twice when there was no "Motion to Remand" in this case. The majority, if not all, of this motion and accompanying affidavit appear to be copied and pasted from different sources, and counsel just changed the date and the plaintiff's name.[2] Therefore, the Court will award 0.25 hours for counsel preparing the EAJA pleadings.

IT IS THEREFORE ORDERED that Plaintiff is awarded attorney's fees in the amount of $5,422.26. EAJA awards are payable to Plaintiff, not Plaintiff's attorney, and such awards are subject to an offset when Plaintiff has outstanding federal debts. *Astrue v. Ratliff*, 560 U.S. 586 (2010). Therefore, subject to any offset, payment by check to the order of Plaintiff, in care of her attorney, will issue to Plaintiff's attorney.

---

[2] The Court gives Plaintiff the benefit of the doubt that she, through counsel, changed the hours worked on for each item in the affidavit from previous cases.

SO ORDERED this 5th day of November, 2015.

                                                                                                           _____
                                                                                                            United States Magistrate Judge